CHARLES W. BERRY, Petitioner for Review,

*vs.*

DANIEL B. TITUS, Administrator.

SAME *vs.* SAME.

Knox.　Opinion June 9, 1884.

*Review. Exceptions. Practice.*

A review granted "so far only as necessary to revise the assessment of damages" is substantially upon condition that at the new trial the petitioner shall be precluded from raising any other issue, and one that the court in the exercise of its legal discretion may lawfully impose.

Exceptions do not lie to the granting of a review in the exercise of a legal discretion.

ON EXCEPTIONS.

Two petitions for review.

At *nisi prius* the presiding judge made the following rulings and decisions which were put in writing by him and filed in the case, viz. . . .

"At the March term 1879, Charles Titus, the respondent's intestate then in full life, was defendant in a replevin action brought by the petitioner Berry for a horse fifteen years old and not worth over fifty dollars. Said Charles Titus had the action dismissed for want of a sufficient replevin bond and he had judgment for a return, and the clerk was appointed to assess the damages.

" In May following Charles Titus died. In the latter part of August, an administrator having been appointed, the damages for detention were assessed at one hundred and seventy-five dollars, and judgment was made up as of the March term ; and this is the suit which the petitioner seeks to review in one of the above petitions.

" The administrator forthwith brought an action returnable at the September term, 1879, upon his judgment for damages and

recovered in the same, and the other petition relates to this suit.

"And now at the September term, 1882, having heard the testimony in the above entitled causes, I am satisfied that no sufficient reason for reviewing said action of replevin so far as the title and right of possession of the horse are concerned, is shown ; but I find that through mistake, accident and misapprehension, injustice has been done in the assessment of the damages which were assessed in said action of replevin, and I therefore grant a review of the said action of replevin so far as may be necessary to revise the assessment of damages therein ; and I grant the review of the other action which is so connected with this action of replevin that the same ought to be held to abide the final result upon the review of the assessment of damages in the action of repelvin."

To all which rulings and decisions so far as they applied to granting a review of a part of the original judgment therein described, and to the decision of the judge ordering a review of the second judgment, the defendant excepted.

*C. E. Littlefield*, for the petitioner, cited : *Jackson* v. *Gould*, 72 Maine, 335 ; *Tuttle* v. *Gales*, 24 Maine, 395 ; *Jones* v. *Eaton*, 51 Maine, 387 ; *Boyd* v. *Brown*, 17 Pick. 453 ; *Dyer* v. *Rich*, 1 Met. 192 ; *Haley* v. *Dorchester Ins. Co.* 12 Gray, 545 ; *Kent* v. *Whitney*, 9 Allen, 62 ; *Negus* v. *Simpson*, 99 Mass. 388 ; *Hunter* v. *Farren*, 127 Mass. 481 ; *Merchants' Ins. Co.* v. *Abbott*, 131 Mass. 397 ; *Robbins* v. *Townsend*, 20 Pick. 345 ; *Winn* v. *Columbian Ins. Co.* 12 Pick. 279 ; *Foye* v. *Patch*, 132 Mass. 113.

*A. P. Gould*, for the defendant, contended that there could be no review of a part of a judgment, and that it was error in the judge to direct that the judgment be opened for the reassessment of damages, while he decided that there was no ground for a general review of the action ; that there is no authority for such a decision and the court has held that it can not be done in *Sturdivant* v. *Greeley*, 4 Maine, 534 ; that the statute is the same as when *Sturdivant* v. *Greeley*, was decided and the

whole statute is adapted to a review of an entire judgment only; and there is no authority for the issuance of a writ of review, which is limited to the retrial of only a part of the original judgment, and no proceedings are provided which are adapted to such a partial retrial.

Counsel further contended that no legal ground was set forth in the petition for a retrial on the question of damages; and that there was no error in assessment of damages by the clerk.

HASKELL, J. The trial at *nisi prius* was upon two petitions for review. The first sought to review an action of replevin, wherein a judgment for a return of the horse replevied was ordered and that the damages for the taking should be assessed by the clerk, who thereupon assessed the same at one hundred and seventy-five dollars, and entered judgment against the petitioner accordingly.

The second sought to review a judgment recovered in an action upon the judgment for damages recovered in the replevin suit. The presiding justice found that through mistake, accident and misapprehension, injustice had been done in the replevin suit by the assessment of damages, and therefore granted a review of the same so far as necessary to revise the assessment of damages therein; and also granted a review of the other action, which he states in the exceptions "is so connected with this action of replevin that the same ought to be held to abide the final result upon the review of the assessment of damages in the action of replevin." To these "rulings and decisions, so far as they apply to the granting a review of a part of the original judgment therein described and to the decision of the judge ordering a review of the second judgment, the defendant excepted" and his exceptions were allowed.

The justice holding this trial was authorized by statute to grant one review in these actions, if he should find that by accident or mistake, "justice had not been done and that a further hearing would be just and equitable." The justice did find that through accident and mistake, injustice had been done in the action of replevin in the assessment of damages. This

finding is conclusive, and to it exceptions do not lie, and none were taken, but to the action of the court in granting a review of the replevin suit so far only as necessary to revise the assessment of damages therein, exception was taken, and it is argued that an action cannot be reviewed in part, that a review must be granted or denied, and if granted, that a retiral of all the issues in the original action must follow.

The grounds for review in these cases appealed to the discretion of the court. It could not be had of right, but solely because the court in the exercise of its judicial discretion saw fit to grant it. A court in the exercise of that discretion may impose terms and conditions upon which the rights or privileges granted shall be exercised or enjoyed. *Tuttle* v. *Gates*, 24 Maine, 397 ; *Jones* v. *Eaton*, 51 Maine, 386.

The granting of the review in the replevin suit was substantially upon the condition, that at the retrial the petitioner should be precluded from raising any other issue than to contest the damages to be assessed against him for the taking of the horse replevied. The condition imposed is in the defendant's favor ; it is reasonable, and of it he should not complain.

Moreover, the court granted a review of the action of replevin, " so far as may be necessary to revise the assessment of damages therein." If it is necessary to grant the review without any conditions, terms or limitation, in order to reach the injustice complained of, then such was the decision of the court, and the review has been granted accordingly. *Wilbur, Pet'r for Review,* v. *Dyer*, 39 Maine, 169.

Upon the second petition, the court granted a review of the action, wherein judgment was recovered upon the judgment in the replevin suit. In so doing the court does not appear to have ruled upon or decided any question of law to which exception was taken, but acted solely within the scope of its legal discretion not subject to exception or appeal. It is true that the court expressed its views as to the proper disposition of the suit, which, no doubt, will be followed in dealing with it at *nisi prius*, but they were not rulings in matters of law, and could not be excepted to. *Emerson* v. *McNamara*, 41 Maine, 565 ;

*Scruton* v. *Moulton*, 45 Maine, 417 ; *Sturtevant* v. *Randall*, 49 Maine, 446.

In both cases the entry must be,

*Exceptions dismissed.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.